John Burton, State Bar No. 86029
jb@johnburtonlaw.com
THE LAW OFFICES OF JOHN BURTON
128 North Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 449-8300

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS VILLEGAS, LUCIO VILLEGAS, KARLA JINEZ, JAN BREIDENBACH, and DAN STORMER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, CHIEF OF POLICE MICHEL MOORE, and Does 1-10,<br><br>Defendants. | Case No.   2:20-CV-7469<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF FOR VIOLATIONS OF CIVIL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1. Plaintiffs assert claims under 42 U.S.C. § 1983. Accordingly, subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. Plaintiffs' state-law claims form part of the same case and controversy, and are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

2. Plaintiffs' claims arise out of a course of conduct involving police officials of the City of Los Angeles, in the County of Los Angeles, State of California, and within this judicial district. Accordingly, venue is appropriate in this Court.

**PARTIES**

3. Jesus Villegas, Lucio Villegas, Karla Jinez, Jan Breidenbach and Dan Stormer are adults qualified to bring suit on their own behalf.

4. Defendant City of Los Angeles is a political subdivision of the State of California. Defendant Los Angeles Police Department (LAPD) is an independent entity subject to suit. Defendant Michel Moore is the Chief of Police of the LAPD and is sued in his individual and official capacity as the relevant policy maker.

5. Defendants Does 1 to 10 are LAPD officers and others who are unnamed because their identities have yet to be ascertained. Each was involved in the wrongful conduct and constitutional deprivations alleged below. Each unnamed LAPD officer acted under color of state law and within the scope of his or her agency and employment with the City of Los Angeles and the LAPD.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6. Plaintiffs timely filed the appropriate administrative claims, which were denied on March 26, 2020. This lawsuit is timely.

**FACTS**

7. Plaintiffs are informed and believe that Defendants claim to have received a "911" telephone call. This call supposedly appeared on an LAPD dispatch panel as originating from a discontinued telephone number formerly used by Plaintiffs Breidenbach and Stormer. The discontinued number had belonged to a land-line at their home address, 1490 Avon Park Terrace, Los Angeles. The five Plaintiffs were at the home, all in bed sleeping at the time. No call was placed from any telephone located at that address during the early morning hours of September 3, 2019.

8. Plaintiffs is informed and believes that this purported mystery 911 call was deemed a "hang up" by LAPD dispatch solely because there was never any human

apparent on the call. A dispatcher called the number back, and because the number is inactive the dispatcher heard a busy signal. To Plaintiffs' knowledge there is no telephone instrument connected to this telephone number, so no call could have been placed from that number. If there were such a call received by LAPD dispatch it would have been due to some sort of glitch or error in the telecommunications system external to Plaintiffs' home, perhaps within the LAPD dispatch system itself or, alternatively, the officers are not telling the truth.

9. LAPD officers, whose identities have not yet been disclosed to Plaintiffs despite a California Public Records Act requesting that information, were dispatched to the home. When the first two officers arrived, the home was dark, as one would expect at one o'clock in the morning following a three-day weekend. Cars currently registered to Plaintiffs Breidenbach and Stormer and to one of their sons, who was not present at the time, were parked in the driveway. There was nothing to indicate criminal activity.

10. The officers claim they rang the doorbell briefly. If so, it did not wake up any of the five occupants. Accordingly, there was no response. The officers did not ring the bell repeatedly, pound on the door, or yell to announce their presence, although the circumstances dictated that they needed to do so to get the attention of someone then asleep within the house. An officer checked the front door, which was shut, but found that it was unlocked, which is common for that home.

11. At that point, without any probable cause or exigency, the officers decided to enter the home, a clear violation of the Fourth Amendment to the United States Constitution and California Constitution Articles 1 and 13. They summoned four backup officers. The six officers made a token announcement at the door, again in a manner that did not wake any of the five Plaintiffs, each of whom was inside sleeping.

12. Without a warrant or consent, the officers entered with guns drawn. Supposedly the firearms were being held in the "low ready" position, which according to LAPD doublespeak means pointed at the target individual, but slightly downward and without being sighted at center mass. Plaintiffs are informed and believe that none

had a safety engaged, and each had a bullet in the chamber. The officers entered the bedroom of Plaintiff Jesus Villegas, waking him while illuminating him with a flashlight, and ordered him from his bed, naked, at gunpoint. Officers pointed firearms at Plaintiffs Breidenbach and Stormer, who came out of their bedroom to see what was happening in their home at 1:30 in the morning. Although by then they knew that they had no reason to be in the home, officers nevertheless continued to search. Officers stuck their heads in the remaining bedroom, where Plaintiffs Lucio Villegas and Karla Jinez were scared out of their minds.

13. Finally, the officers holstered their weapons and tried to explain why they were in Plaintiffs' home at 1:30 in the morning with their guns drawn and pointed. They then left.

**DAMAGES**

14. As a direct and proximate result of the aforesaid acts and omissions, and the customs, practices, policies and decisions of the Defendants alleged in this complaint, Plaintiffs Jesus Villegas, Lucio Villegas and Karla Jinez suffered and will continue to suffer emotional, mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused, and will continue to cause, Plaintiffs Jesus Villegas, Lucio Villegas and Karla Jinez to sustain general damages in a sum to be determined at trial.

15. The individually named and doe defendants, excluding defendants City of Los Angeles and LAPD, acted outside the scope of their jurisdiction and without authorization of law. The aforementioned acts of those individual and doe defendants, and each of them, was willful, wanton, malicious and oppressive, with reckless disregard for and deliberate indifference to Plaintiffs and their constitutional rights, and did in fact violate the aforementioned rights, entitling Plaintiffs Jesus Villegas, Lucio Villegas and Karla Jinez to exemplary and punitive damages in an amount to be proven at trial.

16. Plaintiffs Breidenbach and Stormer request declaratory relief, including a judicial determination that their home was entered illegally, and that the officers pointed guns at the occupants of their home pursuant to a policy of the City and LAPD that construes holding a firearm at a "low ready" to mean pointing it at a person. In addition, Plaintiffs Breidenbach and Stormer request nominal damages of $1.

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF CIVIL RIGHTS -- 42 U.S.C. § 1983
(Fourth Amendment – Individual Liability)

17. The individual and doe defendants, while acting under color of law, deprived Plaintiffs of their civil rights under the Fourth Amendment to be free from unreasonable searches and seizures, and to be free from excessive force, which includes the pointing of firearms.

18. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the aforementioned defendants, Plaintiffs Jesus Villegas, Lucio Villegas and Karla Jinez were injured in their health and person, and will continue to suffer great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension as alleged above.

19. The above mentioned individually named and Doe defendants, acted under color of law, and both separately and in concert. The aforementioned acts of those defendants, and each of them, were willful, wanton, malicious and oppressive, with reckless disregard or with deliberate indifference and with the intent to deprive Plaintiffs of their constitutional rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiffs Jesus Villegas, Lucio Villegas and Karla Jinez to exemplary and punitive damages in an amount to be proven at the trial of this matter.

## SECOND CLAIM FOR RELIEF

## DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983 (Entity Liability)

20. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, defendants City of Los Angeles, LAPD, and the relevant policy maker, Chief Michel Moore, acted with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiffs, including the right to be free from unreasonable searches and seizures, and excessive force under the Fourth Amendment, maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs:

  a. Failing to adequately train, supervise, and control LAPD officers in uses of force by sanctioning the aiming of firearms at people not reasonably suspected to be armed and dangerous, including but not limited to the policy and practice of allowing officers to aim their firearms at people, what the LAPD allows to be euphemistically called a "low ready," when firearms are actually pointed at individuals rather than pointed at the ground;

  b. Failing to adequately train, supervise, and control LAPD officers in the circumstances that would permit a warrantless entry of a home based on exigent or emergency circumstances, or the so-called "community caretaker" exception to the warrant requirement; and

  c. Failing to adequately train, supervise, and control their officers in proper communication and appropriate responses to members of the public, including entering homes without making the appropriate efforts to notify the occupants. The foregoing are intended to be illustrative and not exhaustive.

21. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the aforementioned defendants, Plaintiffs Jesus

Villegas, Lucio Villegas and Karla Jinez were injured in their health and person, and will continue to suffer great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiffs to sustain compensatory damages as alleged above.

## THIRD CLAIM FOR RELIEF
## DEPRIVATION OF CIVIL RIGHTS -- CALIFORNIA CIVIL CODE §§ 52 AND 52.1

22. All defendants are subject to liability under California Civil Code §§ 51.7, 52 and 52.1 because the individual and doe defendants subjected Plaintiffs to violence and threats of violence, including the pointing of firearms, and interfered with Plaintiffs' constitutional and statutory rights by way of threats, intimidation or coercion. Defendants violated Plaintiffs' right to be free of unlawful entry of their home and search without probable cause and their rights to bodily integrity as guaranteed by California Civil Code section 43.

23. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the aforementioned defendants, Plaintiffs Jesus Villegas, Lucio Villegas and Karla Jinez were injured in their health and person, and will continue to suffer great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, as alleged above.

24. The above mentioned individually named and Doe defendants, acted under color of law, and both separately and in concert. The aforementioned acts of those defendants, and each of them, were willful, wanton, malicious and oppressive, with reckless disregard or with deliberate indifference and with the intent to deprive Plaintiff of his constitutional rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiffs Jesus Villegas, Lucio Villegas and Karla Jinez to exemplary and punitive damages in an amount to be proven at trial.

# PRAYER

WHEREFORE, Plaintiffs request relief as follows, and according to proof, against each defendant:

1. General, special and all other compensatory and statutory damages in an amount according to proof or as provided by California statutes for Plaintiffs Jesus Villegas, Lucio Villegas and Karla Jinez;

2. Exemplary and punitive damages against each individual and Doe defendant for Plaintiffs Jesus Villegas, Lucio Villegas and Karla Jinez, but not against the City of Los Angeles or the LAPD, in an amount according to proof;

3. A judicial determination that the home of Plaintiffs Breidenbach and Stormer was entered illegally, and that the officers pointed guns at the occupants of their home pursuant to a policy of the City and LAPD that construes holding a firearm at a "low ready" to mean pointing it at a person;

4. Nominal damages for Plaintiff Jan Breidenbach and Dan Stormer in the amount of $1;

5. Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988 and corresponding provisions of California law; and

6. Such other relief as may be warranted or as is just and proper.

Dated: August 18, 2020        THE LAW OFFICES OF JOHN BURTON

By: /S/ John Burton
John Burton
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury.

Dated: August 18, 2020   THE LAW OFFICES OF JOHN BURTON

By: /S/ John Burton
    ―――――――――――――――
    John Burton
    Attorneys for Plaintiffs